IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT WOOD, a Washington resident, | |
| Plaintiff, | NO. |
| vs. | |
| JINNIU INVESTMENT LLC, a Washington limited liability company | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |
| Defendant. | |

COMES NOW, Plaintiff, Robert Wood, by and through his attorneys, Conrad A. Reynoldson and Michael Terasaki of Washington Civil & Disability Advocate, for his Complaint for Declaratory and Injunctive Relief to state and allege as follows:

## I.   OVERVIEW

1.   The Americans with Disabilities Act (the "ADA") and the Washington Law Against Discrimination require places of public accommodation to be accessible to people with disabilities.

2.   A restaurant is a place of public accommodation within the meaning of Title III of the ADA, 42 U.S.C. § 12181(7), and its implementing regulation, 28 C.F.R. § 36.104.

Complaint for Declaratory and Injunctive Relief

**Page 1 of 10**

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

3.      ADA accessibility laws and regulations were enacted into law in 1991, nearly 30 years ago, to protect persons with mobility and other disabilities.

4.      Defendant discriminates against individuals with disabilities because Defendant leases a property as a place of public accommodation that does not comply with ADA laws and regulations.

5.      Therefore, Plaintiff brings this action to end the civil rights violations at a place of public accommodation by Defendant Jinniu Investment LLC against persons with mobility disabilities.

## II.      PARTIES

6.      Plaintiff Robert Wood is a Washington resident and resides in this district.

7.      Mr. Wood is limited in the major life activity of walking and uses a wheelchair and modified van for transportation and requires van accessible parking to patronize the Great Wall Chinese Restaurant at Defendant's property at or around 8217 S Hosmer St in Tacoma, WA (the "Property").

8.      Jinniu Investment LLC is a Washington limited liability company.

9.      Jizhong Chen, at 2519 15th Ave. S., Seattle, WA is the registered agent for Jinniu Investment LLC.

## III.      JURISDICTION AND VENUE

10.     This court has jurisdiction pursuant to 28 U.S.C. § 1331, which gives district courts original jurisdiction over civil actions arising in the Constitution, laws, or treaties of the United States.

Complaint for Declaratory and Injunctive Relief

**Page 2 of 10**

11.     This court has jurisdiction pursuant to 28 U.S.C. § 1343(a)(4), which gives district courts jurisdiction over actions to secure civil rights under Acts of Congress.

12.     This court has jurisdiction pursuant to 28 U.S.C. § 1367, which gives district courts supplemental jurisdiction over state law claims.

13.     Venue is appropriate in this judicial district under 28 U.S.C. § 1391 because the practices and procedures that gave rise to the Plaintiff's Complaint for Injunctive Relief and Damages occur in this district and Defendant's Property lies within this district.

## IV.     FACTUAL ALLEGATIONS

14.     The ADA was enacted in 1990, "[t]o establish a clear and comprehensive prohibition of discrimination on the basis of disability," and prohibits places of public accommodation from providing separate or unequal benefits and services to individuals with disabilities.

15.     Defendant's property is one example of countless places of public accommodation that are difficult or dangerous to access due to substantial and numerous compliance issues with the ADA, despite decades of notice to property owners.

16.     The findings and purpose section of the original ADA, 42 U.S.C. § 12101, states that, "...individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, [and] the discriminatory effects of architectural, transportation, and communication barriers...."

17.     Thus, Title III of the ADA states in relevant part: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public

Complaint for Declaratory and Injunctive Relief

**Page 3 of 10**

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

1  accommodation by any person who owns, leases (or leases to), or operates a place of public

2  accommodation." 42 U.S.C. § 12182(a).

3  Plaintiff

4      18.    Mr. Wood is a Tacoma, Washington resident who travels throughout the Tacoma

5  area on a regular basis and most recently patronized Defendant's Property in 2019.

6      19.    Mr. Wood is limited in the major life activity of walking and is thus a qualified

7  person with a disability within the meaning of Title III of the ADA and the Washington Law

8  Against Discrimination.

9      20.    Mr. Wood will return to the Property once accessibility barriers are addressed.

10  Defendant's Property

11      21.    Mr. Wood used his wheelchair and modified van, albeit at personal risk due to

12  existing accessibility barriers, to visit the Property.

13      22.    Mr. Wood does not feel safe accessing the property as is due to the current

14  accessibility barriers.

15      23.    Defendant's Property does not comply with the ADA's accessibility laws and

16  regulations under the 1991 ADA Standards for Accessible Design ("1991 Standards") and the

17  2010 ADA Standards for Accessible Design ("2010 Standards").

18      24.    At Defendant's parking lot at the Property, there are more than 50 parking spaces.

19      25.    There are no wheelchair accessible parking spaces at the parking lot at

20  Defendant's Property.

21      26.    Under the 2010 Standards Defendant's Property must include at least three (3)

22  accessible parking spaces and at least one (1) of those must be a "van-accessible" parking space.

23  § 208.2 of the 2010 Standards and § 4.1.2 of the 1991 Standards.

Complaint for Declaratory and Injunctive Relief

**Page 4 of 10**

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

27.     Slope of accessible parking spaces must be no greater than 1:48 in any direction and must adjoin the accessible route.  §§ 502.3-502.4 of the 2010 Standards and § 4.3.6 of the 1991 Standards.

28.     Accessible parking spaces must be identified with signage at least 60 inches above the ground.  § 502.6 of the 2010 Standards and § 4.6.4 of the 1991 Standards (Signage must be high enough it "cannot be obscured by a vehicle parked in the space.").

29.     There is no signage for accessible parking at Defendant's Property.

30.     Van accessible parking spaces shall be 132 inches wide and served by an access aisle of 60 inches, or 96 inches wide and served by an access aisle of 96 inches. § 502.2 of the 2010 Standards and §§ 4.1.2(5)(b) and 4.3.6 of the 1991 Standards.

31.     A regular accessible space shall be at least 96 inches wide and served by an access aisle at least 60 inches wide.  § 502.3 of the 2010 Standards and §§ 4.1.2(5)(a) and 4.3.6 of the 1991 Standards.

32.     Access aisles must be marked so as to discourage parking and adjoin the accessible route.  §§ 502.3 and 502.3.3 of the 2010 Standards.

33.     The parking lot at Defendant's Property does not have marked accessible parking spaces and no access aisles are present at all.

34.     Mr. Wood requires compliant van-accessible parking and compliant accessible routes in order to safely patronize the tenants of Defendant's property using his modified van and power wheelchair.

<u>Efforts to Resolve Informally</u>

35.     There is no requrement that any efforts be made to informally resolve ADA accessibility issues at a place of public acomodation, Mr. Wood's attorney provided voluntary

Complaint for Declaratory and Injunctive Relief

**Page 5 of 10**

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

pre-litigation notice and an opportunity to settle this matter without a lawsuit by letter to Jinniu

Investment LLC's registered agent dated April 30, 2019 and mailed that same day.

36.   As of the filing of this complaint, Mr. Wood's attorney received no response

contact or response from Jinniu Investment LLC.

37.   As of the filing of this complaint no alterations have been made to address these

accessibility barriers.

38.   Defendant's property is not safe and is not welcoming for people who use

wheelchairs because it does not comply with the ADA's accessibility laws and regulations.

39.   The failure of Jinniu Investment LLC to make the property comply with the

ADA's accessibility laws and regulations works to exclude people with disabilities from equal

access to and enjoyment of the Property.

## V.   FIRST CAUSE OF ACTION
### Title III of the Americans with Disabilities Act of 1990
### 42 U.S.C. § 12101 *et seq.*

40.   Mr. Wood incorporates by reference the allegations in the paragraphs above.

41.   Mr. Wood is limited in the major life activity of walking and is thus a qualified

individual with a disability within the meaning of Title III of the ADA.

42.   Title III of the ADA states in relevant part: "No individual shall be discriminated

against on the basis of disability in the full and equal enjoyment of the goods, services, facilities,

privileges, advantages, or accommodations of any place of public accommodation by any person

who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. §

12182(a).

43.   Defendant Jinniu Investment LLC owns or leases the property where the Great

Complaint for Declaratory and Injunctive Relief

**Page 6 of 10**

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

1    Wall restaurant is located.

2       44.    The Great Wall restaurant location is a restaurant and therefore a place of public

3    accommodation. 42 U.S.C. § 12181(7)(B).

4       45.    Defendant has discriminated against Plaintiff on the basis of his disability.

5       46.    Defendant's discriminatory conduct includes but is not limited to:

6              a.    Discriminatory exclusion and/or denial of goods, services, facilities,

7                    privileges, advantages, accommodations, and/or opportunities;

8              b.    Provision of goods, services, facilities, privileges, advantages, and/or

9                    accommodations that are not equal to those afforded non-disabled

10                   individuals;

11             c.    Failing to make reasonable modifications in policies, practices, and/or

12                   procedures as necessary to afford the goods, services, facilities, privileges,

13                   advantages, and/or accommodations to individuals with disabilities;

14             d.    Failing to make alterations in such a manner that, to the maximum extent

15                   feasible, the altered portions are readily accessible to and usable by

16                   individuals with disabilities, including individuals who use wheelchairs;

17             e.    Failing to remove barriers to individuals with disabilities where it would

18                   be readily achievable to do so.

19      47.    As such, Defendant discriminates and, in the absence of the injunction requested

20   herein, will continue in the future to discriminate against Plaintiff on the basis of disability in the

21   full and equal enjoyment of the goods, services, facilities, privileges, advantages,

22   accommodations and/or opportunities at Defendant's property in violation of Title III of the

23   Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. and/or its implementing regulations.

Complaint for Declaratory and Injunctive Relief

Page 7 of 10

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

48.     Defendant's discriminatory conduct as alleged in this Complaint for Declaratory and Injunctive Relief has harmed Mr. Wood, and the harm continues.

49.     Defendant's discriminatory conduct as alleged in this Complaint for Declaratory and Injunctive Relief entitles Mr. Wood to declaratory and injunctive relief. 42 U.S.C. § 12188.

50.     Defendant's discriminatory conduct as alleged in this Complaint for Declaratory and Injunctive Relief entitles Mr. Wood to recover reasonable attorneys' fees and costs incurred in bringing this action. 42 U.S.C. § 12205.

## VI.     SECOND CAUSE OF ACTION
### Violation of the Washington Law Against Discrimination
### (R.C.W. §§ 49.60.010 et seq.)

51.     Mr. Wood incorporates by reference the allegations in the paragraphs above.

52.     Mr. Wood is a qualified individual with a disability within the meaning of the Washington Law Against Discrimination.

53.     Under § 49.60.030(1) of the Revised Code of Washington provides in pertinent part: "The right to be free from discrimination because of . . . the presence of any sensory, mental, or physical disability . . . is recognized as and declared to be a civil right.  This right shall include, but not be limited to: . . . (b) The right to the full enjoyment of any of the accommodations, advantages, facilities, or privileges of any place of public resort, accommodation, assemblage, or amusement . . . "

54.     Defendant has violated and continues to violate §§ 49.60.010 *et seq.* of the Revised Code of Washington by violating multiple accessibility requirements under the ADA.

55.     Defendant's actions constitute discrimination against persons with disabilities and violate the Washington Law Against Discrimination, Revised Code of Washington § 49.60.010

Complaint for Declaratory and Injunctive Relief

**Page 8 of 10**

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

et seq., in that persons with mobility disabilities have been and are still denied full and equal enjoyment of the accommodations, advantages, facilities, privileges, and services that Defendant provides to individuals who do not have disabilities.

56. As a direct and proximate result of Defendant's discriminatory conduct as alleged in this Complaint for Declaratory and Injunctive Relief, Mr. Wood has suffered and continues to suffer difficulty, hardship, isolation, and segregation due to Defendant's failure to remediate the Property.

57. Defendant's discriminatory conduct as alleged in this Complaint for Declaratory and Injunctive Relief has denied Mr. Wood the full and equal enjoyment of services that the Washington Law Against Discrimination requires.

58. Mr. Wood has a clear legal right to access the tenants of Defendant's Property under the Washington Law Against Discrimination.

59. Mr. Wood has the right for Defendant's property to comply with the ADA's accessibility laws and regulations under the Washington Law Against Discrimination.

60. Defendant's property does not comply with ADA accessibility laws and regulations.

61. Because Defendant's property does not comply with the ADA's accessibility laws and regulations, declaratory and injunctive relief are appropriate remedies under the Washington Law Against Discrimination. *See e.g. Kucera v. Dep't of Transp.*, 140 Wash. 2d 200, 209 (2000).

62. Pursuant to RCW § 49.60.030(2), Mr. Wood is entitled to declaratory and injunctive relief and to recover from Defendant his reasonable attorneys' fees and costs incurred in bringing this action.

Complaint for Declaratory and Injunctive Relief
Page 9 of 10

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

## VII.   PRAYER FOR RELIEF

WHEREFORE, Mr. Wood respectfully requests that this Court:

1.      Assume jurisdiction over this action;

2.      Find and declare Defendant Jinniu Investment LLC to be in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq. and the Washington Law Against Discrimination, Wash. Rev. Code §§ 49.60.010 et seq. because Defendant's Property does not comply with the ADA's accessibility laws and regulations;

3.      Issue a permanent injunction ordering Defendant to immediately implement the necessary improvements to bring the Defendant's property into compliance with the ADA's accessibility laws and regulations;

4.      Award Mr. Wood reasonable attorneys' fees and costs as authorized by 42 U.S.C. § 12205 and Wash. Rev. Code§ 49.60.030(2);

5.      Award actual, compensatory, and/or statutory damages to Mr. Wood for violations of his civil rights as allowed under state and federal law;

6.      Award such additional or alternative relief as may be just, proper, and equitable.

DATED THIS 3rd day of June, 2019

By:

s/ Michael Terasaki                          s/ Conrad Reynoldson
Michael Terasaki                             Conrad Reynoldson
WSBA# 51923                                  WSBA# 48187
terasaki@wacda.com                           conrad@wacda.com
(206) 971-1124                               (206) 876-8515

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 ROOSEVELT WAY NE, SUITE B, SEATTLE, WA 98105
*Attorneys for Plaintiff Robert Wood*

Complaint for Declaratory and Injunctive Relief

**Page 10 of 10**

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558